IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, | No. C-99-01143M EDL |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S CLAIM OF EXEMPTION AND DENYING DEFENDANT'S REQUEST TO TRANSFER** |
| v. | |
| AREVALO, | |
| Defendant. | |

On July 31, 2007, Defendant's Claim of Exemption and Request to Transfer came on for hearing. Michael Consentino appeared on behalf of the government, and Herbert Arevalo appeared pro se. After full consideration of the papers and the arguments at the hearing, and for the reasons stated below, the Court GRANTS Defendant's claim of exemption and DENIES Defendant's request to transfer the matter to Napa County.

**I.  Claim of Exemption**

In June 1999, a default judgment was entered against Mr. Herbert D. Arevalo in a student loan debt collection action in the amount of $26,010.58. On February 6, 2007, Plaintiff moved for a writ of continuing garnishment, which the Court ordered on February 8, 2007. Approximately $500.00 of the debtor's disposable income is currently being withheld from his pay to satisfy this judgment. On July 5, 2007, Mr. Arevalo filed a Claim of Exemption seeking a $400.00 reduction in the amount garnished each month to satisfy the judgment, along with a request that the Court hold a hearing on his Claim of Exemption. Plaintiff opposed the request for an exemption, arguing that not all of Mr. Arevalo's monthly expenditures were necessary for his support and, even if they were, Mr. Arevalo is not entitled to any exemption because his debt was incurred to obtain the "common

1 necessaries of life," which Plaintiff contends include Mr. Arevalo's education at the California
2 Culinary Academy. Plaintiff stated, however, that it would be willing to reduce the monthly
3 garnishment to $250.00 in compromise. At the hearing, Plaintiff reduced the amount of garnishment
4 it was willing to accept to $200.00.

5 California has opted out of the federal scheme of exemptions; accordingly, exemption rights
6 are determined under California law. See CCP § 703.130. California law exempts
7 from creditor's claims those property and earnings that are "necessary for the support" of the
8 judgment debtor and his family. See CCP § 706.051. There are exceptions to this exemption,
9 however, including obligations for taxes, child support, or debts incurred for "the common
10 necessaries of life furnished to the judgment debtor or the family of the judgment debtor." Id.

11 Pursuant to CCP §§ 703.530 and 706.122, Mr. Arevalo properly completed a "Claim for
12 Exemptions Form" and a judgment debtor's financial statement ("Financial Statement") listing his
13 monthly assets and liabilities. According to his Financial Statement, Mr. Arevalo is unmarried and
14 has two dependents, his two minor children. See Financial Statement. He earns $3,127.00 per
15 month, from which $390.15 is deducted for taxes and $462.00 for child support, leaving net monthly
16 pay of $2,274.85. Id. Mr. Arevalo's monthly expenditures for such items as housing, food, medical,
17 transportation, laundry, utilities, and cellphone total $2416.27. Id. In addition to these
18 expenditures, Mr. Arevalo's wages are being garnished approximately $500.00 per month to satisfy
19 his outstanding student loan debt, which he incurred to attend the California Culinary Academy.
20 Mr. Arevalo has some money in the bank, but his outstanding credit card balance exceeds that
21 amount. He owns a car, which is necessary for him to get to work. Although Plaintiff disputes the
22 necessity of Mr. Arevalo's car, cable television, and cellphone, the Court finds that Mr. Arevalo's
23 listed expenditures are reasonable and necessary under the circumstances. See Sanker v. Humborg,
24 48 Cal.App.2d 205, 207 (1941) (the definition of necessary "is not confined in application merely to
25 what is essential barely to support life, but that it includes many of the conveniences of refined
26 society."). Moreover, exemptions statutes are liberally construed in favor of the claimant. See
27 Independence Bank v. Heller, 275 Cal.App.2d 84, 88 (1969). Accordingly, an exemption is
28 warranted here because a garnishment of $500.00 per month would not leave Mr. Arevalo sufficient

2

1  funds to support himself or his family, while $100.00 is the most he can pay and still support himself
2  and his family.

3        Plaintiff relies on <u>Diamond v. Bent</u> to argue that Mr. Arevalo is not entitled to an exemption
4  because his student loan debt was incurred to obtain an education, which is a "common necessary of
5  life." <u>See</u> <u>Diamond v. Bent</u>, 157 Cal.App.2d Supp. 857, 859 (1957). In <u>Diamond</u>, the court found
6  that a debtor could exempt as "necessary" the funds required to educate the debtor's minor children
7  because a parent has a statutory duty to "support, maintain and educate" his children. <u>Id.</u> Funds
8  used to support and educate an adult child in college, however, could not be exempted as necessary
9  for the support of the debtor or his family. <u>Id.</u>

10        <u>Diamond</u> fails to support Plaintiff's argument for two reasons. First, it holds only that
11  education funds are "necessary" in the context of an exemption, not that they come within the
12  exception to the exemption for "<u>common necessaries of life</u>," as Plaintiff advocates. Second,
13  <u>Diamond</u> suggests that funds for college, rather than funds for education of minor children, may not
14  be "necessary" in the context of an exemption. <u>Diamond</u> is silent as to any exception to the
15  exemption, including the "common necessaries of life" exception that Plaintiff seeks to apply here.

16        The "common necessaries of life" exception is construed narrowly and "does not refer to
17  'necessaries' in the broad sense." <u>See</u> <u>Ratzlaff v. Portillo</u>, 14 Cal. App. 3d 1013, 1015-16 (1971).
18  Instead, the exception covers only expenses "required for the sustenance of <u>all men</u>." <u>Id.</u> at 1015
19  (emphasis in original). A <u>common</u> necessary is "an article that <u>in the hands of anyone</u> it is to be
20  regarded universally or substantially so, as necessary to sustain life." <u>Id.</u> (quoting <u>Los Angeles</u>
21  <u>Finance Co. v. Flores</u>, 110 Cal.App.2d Supp. 850 (1952)). An education, particularly the chef's
22  training at issue here, while useful, is not universally necessary to sustain life. Accordingly, the
23  "common necessaries of life" exception does not apply.

24        Therefore, the Court hereby GRANTS Mr. Arevalo's Claim of Exemption and orders that the
25  garnishment taken to satisfy the student loan debt be reduced to $100.00 per month.

26  **II.    Application to Transfer Case**

27        On May 30, 2007, Mr. Arevalo filed a motion to transfer this matter to Napa County, closer
28  to his residence. <u>See</u> Application to Transfer. As discussed at the hearing, this matter is properly

3

within the jurisdiction of the federal court and Napa County is within the Northern District of California.  Accordingly, the Court DENIES the request to transfer the matter.

**IT IS SO ORDERED.**

Dated:   August 1, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge